IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Case No. 14-22165 CMB |
| | : | |
| Michael A. Hoover and Lori Ann Hoover, | : | Chapter 13 |
| | : | |
| Debtors, | : | Document No. |
| | : | |
| Michael A. Hoover and Lori Ann Hoover, | : | |
| | : | |
| Movants, | : | |
| | : | |
| vs. | : | |
| | : | |
| PNC Bank and Ronda J. Winnecour, Trustee, | : | |
| | : | |
| Respondents. | : | |

MOTION SEEKING A FINDING OF CONTEMPT BY PNC BANK FOR THE VIOLATION OF THIS COURT'S ORDER APPROVING TRUSTEE'S FINAL ACCOUNT AND ADMINISTRATIVELY CLOSING CASE AND THE DISCHARGE INJUNCTION

And now comes Debtors, Michael A. Hoover and Lori Ann Hoover, by their attorneys, Zebley Mehalov & White and Daniel R. White, Esquire and moves this Court for a Finding of Contempt by PNC Bank for the violation of this Court's Order Approving the Chapter 13 Trustee's Final Account and Administratively Closing Case and a violation of the discharge injunction imposed by this Court following completion of Debtor's case averring as follows:

1. Debtors, Michael A. Hoover and Lori Ann Hoover, filed for Chapter 13 Bankruptcy protection on May 29, 2014.

2. Respondent, PNC Bank, Inc. (hereinafter "PNC") is the current holder of the mortgage on Debtor's real estate located at 40 Vesta Avenue, Fredericktown, PA 15333 (hereinafter "the residence").

3. Respondent, Ronda J. Winnecour (hereinafter "Trustee"), was the standing Chapter 13 Trustee who was assigned and administered Debtors' Chapter 13 case and is listed herein for notice purposes only.

4. At the time of Debtors' bankruptcy filing, PNC was the holder of a mortgage (Proof of Claim #1) and a home equity line of credit (Proof of Claim #2) secured by Debtors' residence. Debtors listed PNC in Schedule D as a secured creditor on two loans.

5. During the pendency of the Debtors' bankruptcy case, PNC indicated that it had forgiven Debtors' home equity line of credit and would thereafter satisfy the mortgage filed in the Washington County Courthouse encumbering their residence.

6. On February 26, 2018, PNC filed a satisfaction dated February 16, 2018, Instrument No. 201804482, which satisfied the home equity loan associated with the account ending in 5192 on debtors' residence. Within the satisfaction document, PNC certified that the home equity loan debt had been "fully paid or otherwise discharged".

7. On September 24, 2018 Debtors filed an amended plan which recognized the loan forgiveness/mortgage satisfaction by PNC and removed the ongoing payment on the home equity loan/Proof of Claim #2. This plan was confirmed by Court Order dated November 24, 2018.

8. Debtors thereafter received IRS form 1099-C from PNC indicating that PNC had cancelled the debt associated with the loan account ending in 5192 on February 21, 2018, and discharged the amount of $8,370.67.

9. Debtors finished their plan payments in June 2019 and were directed by the Trustee to take over their ongoing payments on PNC's mortgage loan (Proof of Claim #1) with the payment due for August 2019.

10. The Trustee then filed a Interim Notice of Cure Arrears (#76) which stated that PNC's mortgage loan (Proof of Claim #1) had been brought current and cured of arrears, and later filed a Notice of Final Cure Payment (#91) indicating that PNC's mortgage loan was current and paid through July 2019.

11. PNC filed a response to the Trustees Notice of Final Cure Payment (#93) which agreed that the mortgage loan (Proof of Claim #1) had been brought current and was due from the Debtors starting August 1, 2019.

12. The Bankruptcy Court entered Orders dated October 25, 2019 approving the Trustee's Report and discharging the Debtors. A Final Decree was entered January 21, 2021 and the case was closed February 5, 2021.

13. Debtors took over payments on the mortgage loan (Proof of Claim #1) which was a 15 year Note dated February 28, 2005 with a first payment due April 14, 2005. With this loan brought current through the bankruptcy, Debtors expected to have 8 payments of $414.50 left on this loan (August 2019 - March 2020).

14. After making these payments, Debtors contacted PNC to discuss the satisfaction of the mortgage loan (Proof of Claim #1) and were told that this loan was not paid, and in fact, had a balance of over $7,500. A representative of PNC informed Debtors that

    this balance was rolled over from the home equity loan satisfied in 2018.

15. Despite contact from the Debtors, and their counsel disputing their claims, PNC has sent Debtors a matured debt demand requiring payments of over $7,500 and issued an Act 91 Notice threatening foreclosure on a mortgage which was paid in full.

16. The collection of additional funds secured by a mortgage lien on Debtors' residence is contrary to this Court's Order dated October 25, 2019 approving the Trustee's report and cure of the mortgage as well as the discharge injunction preventing PNC from collecting debts paid/dealt with through the completed Chapter 13 plan.

Wherefore, Debtors, Michael A. Hoover and Lori Ann Hoover, respectfully requests this Honorable Court enter an Order finding PNC Bank in Contempt of Bankruptcy Court Order and/or in Violation of Debtor's Discharge Order and Order as follows:

That PNC Bank:

1. Immediately acknowledge that Debtor's mortgage loan (Proof of Claim #1) and Home Equity Loan (Proof of Claim #2) are paid in full with no remaining balance;

2. Stop all delinquency/collection actions on both loan accounts including letters, phone calls, and bills;

3. Remove and/or correct any negative credit reporting to the credit bureaus on either loan account since the bankruptcy discharge;

4. File a satisfaction of the mortgage recorded in Washington County, Pennsylvania, associated with Proof of Claim #1;

5. Pay the sum of $5,000 to Zebley, Mehalov & White, to cover the attorney fees incurred in researching the mortgage and bankruptcy documents, communicating and consulting with Debtors, correspondence and bills from PNC Bank, communicating with Counsel for PNC Bank, and drafting, filing, and prosecuting the Motions to Re-open and for Contempt in this matter, and;

6. Pay to Michael A. Hoover and Lori Ann Hoover the sum of $4,000 to cover the damages caused by its actions, including the time they spent in dealing with the continued collection of a paid in full mortgage, and;

7. Pay to Michael A. Hoover and Lori Ann Hoover sum of $7,500 as punitive damages for the violations of this Court's Orders and the Bankruptcy Injunction.

Respectfully Submitted,

ZEBLEY, MEHALOV & WHITE

By     /s/ Daniel R. White        .
           Daniel R, White
           PA I.D. No. 78718
           P.O. Box 2123
           Uniontown, PA 15401
           724-439-9200
           dwhite@Zeblaw.com
           Attorneys for Debtors